455 S.E.2d 533

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Personne E. McGHEE, Defendant Below, Appellant.**

No. 22475.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1995.

Decided Feb. 17, 1995.

**166**

Darrell V. McGraw, Jr., Atty. Gen., Dawn E. Warfield, Deputy Atty. Gen., Charleston, for appellee.

James J.A. Mulhall, First Judicial Circuit Public Defender Corp., Wheeling, for appellant.

PER CURIAM:

Personne E. McGhee appeals his conviction of carrying a concealed deadly weapon, a misdemeanor offense. On appeal, Mr. McGhee alleges that the prosecution's repeated references to another alleged crime, namely, brandishing a weapon, denied him a fair trial and that the jury was improperly instructed on the elements of the crime. Because Mr. McGhee's allegations are without merit, we affirm his conviction.

On December 8, 1991, in response to a radio report alleging that Mr. McGhee had been seen near a Wheeling tavern pointing a 9 Millimeter pistol at Julius Wallace, Officer Gessler of the Wheeling Police Department went to the tavern where he saw Mr. McGhee getting into the passenger seat of Rodney Carter's car. The police followed Mr. Carter's car which had a dark interior and tinted windows. When the police stopped the car, Mr. McGhee spontaneously lowered his window and placed his hands on the car's roof. Mr. McGhee was searched outside the car but no weapon was found. However, the search of the inside of Mr. Carter's car revealed a 9 MM pistol with its butt protruding from under the car's passenger seat.[1] Mr. McGhee was arrested. It is undisputed that Mr. McGhee does not have a license to carry a weapon.

Mr. McGhee was charged with one count of second offense carrying a concealed weapon[2] and one count brandishing a firearm. The charges were severed and on April 7, 1993, a jury found Mr. McGhee not guilty of brandishing a firearm.[3]

On May 13, 1993, Mr. McGhee was tried by a jury on the charge of carrying a concealed weapon, a violation of *W.Va.Code* 61–7–3 [1989].[4] During his opening statement, the prosecutor said that the police stopped Mr. McGhee because of a report that he was brandishing a weapon.[5] The defense's objec-

---

1. At trial, Mr. McGhee testified that the 9 MM pistol belonged to Andrew Black whom he knew.

2. Because the underlying first offense was overturned, Mr. McGhee was tried on the lesser included first offense charge of carrying a concealed weapon.

3. The jury in this case was not informed of the severed brandishing case or Mr. McGhee's acquittal.

4. *W.Va.Code* 61–7–3(a) [1989] provides, in pertinent part:

 (a) Any person who carries a concealed deadly weapon, without a state license or other lawful authorization established under the provisions of this code, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars and may be imprisoned in the county jail for not more than twelve months for the first offense....

5. The prosecutor said in pertinent part:

 On December 8, 1991, shortly after midnight a man, by the name of Julius Wallace, came into the Wheeling Police Department down to the front desk and reported that the defendant—

 After a bench conference, in which the defense's objection was overruled, the prosecutor continued:

tion was overruled. The three officers who were involved in Mr. McGhee's arrest testified that the radio message triggered their involvement.[6] Mr. McGhee denied he "pulled a gun or something there at the bar."

During the closing statements for both sides, the brandishing incident was mentioned. According to the prosecutor, Mr. McGhee said:

> [H]e never saw a gun or had a gun. And, this report he pulled out a gun that the police perceived [sic] was totally false. It didn't happen. Yet, Mr. McGhee goes out and gets in the passenger side of a car and doesn't get more than 100 feet from Market Street and the police car pulls up behind him. . . .

The defense during its closing statement pointed out that Julius Wallace had not testified; in fact, no one testified that "they saw Personne McGhee with any gun." Finally, in the rebuttal statement, the prosecutor said:

> I don't know whether Mr. McGhee brandished a gun at Julius Wallace or not. But, that's not the charge we are here on. He's charged with carrying a concealed deadly weapon. Obviously somebody saw him with a gun that night or there wouldn't be a police report. . . .

After the jury convicted Mr. McGhee of violating *W.Va.Code* 61–7–3 [1989] and he was sentenced to one year in the Ohio County Jail and fined $1,000, Mr. McGhee appeal-ed to this Court. Three of Mr. McGhee's assignments of error concern the State's use of the brandishing incident. Mr. McGhee also alleges that the jury was improperly instructed.

## I.

### A.

Mr. McGhee maintains that the repeated references and evidence of other crimes, wrongs or acts denied him a fair trial. Mr. McGhee argues that the prosecutor devoted excessive trial time to the alleged brandishing, a part of the background material and, thus, shifted his trial's focus from the concealed weapon charge to the brandishing incident.[7] The State maintains that the brandishing incident was merely offered to explain why the police officers stopped Mr. McGhee.

Rule 404(b) [1985] of the *W.V.R.Evid.* states:

> *Other Crimes, Wrongs, or Acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[8]

Although providing background of an incident is not listed in Rule 404(b) as an admis-

---

As I was saying, the police dispatch received a report on Rico McGhee (the appellant). The incident involved a handgun being brandished by Mr. McGhee. The dispatch sent out over the radio that there had been an incident involving Mr. McGhee.

6. Officer Gessler testified:

I heard them give a call out for an individual that allegedly had a gun.

Officer Mackey of the Wheeling Police Department testified;

[There] was a radio transmission given out with Rico's (the defendant) name in it. . . . A radio transmission was given out from Headquarters was that Rico McGhee had pointed a 9 MM black pistol at one Julius Wallace, and it was in the area of 11th and Market Streets.

Officer Flannigan of the Wheeling Police Department testified:

We were made aware of it (the incident) through radio transmission. I believe from headquarters that they said that Mr. McGhee had pointed a pistol, a 9 MM pistol at on Julius Wallace. In the area of what is known as the Breeze or Johnny Cools now.

7. Mr. McGhee did object when the alleged brandishing incident was first mentioned because the person involved in the incident was not going to testify. His objection was not renewed and Mr. McGhee did not request a limiting instruction.

8. Rule 404(b) was amended in 1994 by adding the following provision to the end of the second sentence:

. . . [P]rovided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

sible purpose, "W.Va.R.Evid. 404(b) is an 'inclusive rule' in which all relevant evidence involving other crimes or acts is admitted at trial unless the sole purpose for the admission is to show criminal disposition. (Citation omitted.)" *State v. Edward Charles L.*, 183 W.Va. 641, 647, 398 S.E.2d 123, 129 (1990). In *State v. Edward Charles L.*, 183 W.Va. at 648, 398 S.E.2d at 130, *quoting, U.S. v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980), we noted:

> [O]ne of the accepted bases for the admissibility of evidence of other crimes arises when such evidence, "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case, or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its "environment" that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context...."

Based on this reasoning we permit evidence of other crimes in order "to complete the story" or to show "the context of the crime." *See State v. Edward Charles L.*, 183 W.Va. at 649, 398 S.E.2d at 131 (other sexual acts performed in presence of child victims held admissible); *State v. Nelson*, 189 W.Va. 778, 784, 434 S.E.2d 697, 703 (1993) (full presentation of the case required admission of defendant's involvement in drug transaction and agreement to check into outstanding warrants); *State v. Gilbert*, 184 W.Va. 140, 146–47, 399 S.E.2d 851, 858 (1990) (per curiam) (permitting evidence that defendant engaged in an act of bestiality during one of his sexual assaults on the victim); *State v. Spicer*, 162 W.Va. 127, 245 S.E.2d 922 (1978) (excessive evidence about the rapes of the victim during an armed robbery prosecution was not admissible as part of the same transaction exception).

In Syl. pt. 1, *State v. Edward Charles L., supra*, we stated:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. W.Va.R.Evid. 404(b).

*See also* Syl. pt. 12, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). Recently, in *State v. McGinnis*, 193 W.Va. 147, 154, 455 S.E.2d 516, 523 (1994), we noted that "evidence of prior crimes, wrongs, or acts [are] potentially admissible, subject to other limitations such as Rule 403 where they may be offered for *any* relevant purpose that does not compel an inference from character to conduct. [Citations omitted.]" *See TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992), *aff'd*, ── U.S. ──, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993). In his book, *Handbook of Evidence for West Virginia Lawyers*, Justice Cleckley noted that the complete story principle, "though not mentioned in Rule 404(b), continues to be a viable 'other purpose' for admitting evidence of other wrongs as long as the conduct is truly illustrative of the context of the offense and has independent relevance to a material issue in the lawsuit." Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 4–5(B)(4)(i), Vol I at 357 (3d ed. 1994).

■ In *State v. Spicer*, we noted that evidence of other criminal acts is confined to what is necessary to accomplish its legitimate purpose. Syl. pt. 1, *State v. Spicer*, states:

> Other criminal act evidence admissible as part of the res gestae or same transaction introduced for the purpose of explaining the crime charged must be confined to that which is reasonably necessary to accomplish such purpose.

In Syl. pt. 1, *State v. McGinnis, supra*, we stated:

> When offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. It is not sufficient for the prosecution or the trial court merely to cite or mention the litany of possible uses listed in Rule 404(b). The specific and precise purpose for which

the evidence is offered must clearly be shown from the record and that purpose alone must be told to the jury in the trial court's instruction.

 In this case, the evidence of Mr. McGhee's alleged brandishing of a weapon was offered to explain why the defendant was stopped. In offering evidence of the alleged brandishing incident, the prosecution identified the specific purpose, namely as background. Although the brandishing incident was mentioned several times, it was in the context of providing "background." Evidence of the alleged brandishing incident was limited and no additional information was provided. Even the prosecutor in his rebuttal argument noted that the brandishing incident was not the issue or part of the current charge.

We have long held that "[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion." *State v. Louk,* 171 W.Va. 639, 643, 301 S.E.2d 596, 599 (1983), *overruled on other grounds, State v. Jenkins,* 191 W.Va. 87, 93, 443 S.E.2d 244, 250 (1994); Syl. pt. 2, *State v. Peyatt,* 173 W.Va. 317, 315 S.E.2d 574 (1983); Syl. pt. 9, *TXO Production, supra; State v. McGinnis,* 193 W.Va. at 159, 455 S.E.2d at 528; Syl. pt. 3, *State ex rel. Allen v. Bedell,* 193 W.Va. 32, 454 S.E.2d 77 (1994); Syl. pt. 1, *Capper v. Gates,* 193 W.Va. 9, 454 S.E.2d 54 (1994). After reviewing the record, we find that the trial court did not abuse his discretion by allowing limited use of the alleged incident to complete the story.

**B.**

 Mr. McGhee also argues that the State should have disclosed its intention use the brandishing incident. Mr. McGhee filed a pre-trial discovery motion requesting notice of the State's intention to use evidence of other crimes. The record contains no evidence of any response from the State. However, no motion to compel was filed and there was no court-ordered discovery.[9] Mr.

McGhee maintains that he was surprised when the brandishing incident was mentioned in the prosecutor's opening statement and that preparation of his case was hampered.

The State maintains that Mr. McGhee knew that the police radio message triggered the stopping of Mr. McGhee and that the radio message would be introduced in the trial. The State notes that although Mr. McGhee objected to the evidence, he did not request a continuance, recess or any other remedial measures that would have allowed preparation time. The State argues that the record fails to substantiate Mr. McGhee's claim that he was prejudiced.

In Syl. pt. 2, *State v. Grimm,* 165 W.Va. 547, 270 S.E.2d 173 (1980), we stated:

When a trial court grants a pre-trial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to its case where such non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case.

In *State v. Miller,* 178 W.Va. 618, 624, 363 S.E.2d 504, 510 (1987), we outlined the two prong inquiry of *State v. Grimm, supra:*

(1) [D]id the non-disclosure surprise the defendant on a material fact, and (2) did it hamper the preparation and presentation of the defendant's case.

*See also* Syl. pt. 2, *State ex rel. Rusen v. Hill,* 193 W.Va. 133, 454 S.E.2d 427 (1994). *State v. Miller* noted that Rule 16(d)(2) [1985] of *W.Va.R.Cr.P.* "enables a trial court to impose sanctions that may have the effect of curing a late discovery problem. [Footnote omitted.]" 178 W.Va. at 625, 363 S.E.2d at 511. Although technically, Rule 16 does not apply in this case because the discovery was not court ordered, the remedial measures outlined in Rule 16, including the granting of a continuance, were available, but not requested.

---

9. Rule 404(b) [1994] of *W.Va.R.Evid.* now requires the prosecution to provide, upon defendant's request, notice of the general nature of

any collateral crimes to be introduced at trial. *See supra* p. 536 and note 8 for Rule 404(b).

In this case, the alleged incident was offered as background, and the record shows that the brandishing incident was not discussed before the jury. At trial, Mr. McGhee did not seem surprised because he failed to request any measures from the trial court that would have allowed additional preparation time. Neither does the record indicate that Mr. McGhee was prejudiced by the police report.

### C.

Mr. McGhee also argues that the *in camera* hearing held by the trial court on his objection to the introduction of the alleged incident was inadequate. During the State's opening statement, defense objected to the prosecutor's statement. *See supra* note 5. During the *in camera* hearing, the defense argued that Mr. Wallace's statements were inadmissible because the statements were hearsay and evidence of a collateral crime. The State maintained that this background information showed why the police stopped Mr. McGhee, that Mr. Wallace would not testify and that no other information about the alleged brandishing would be presented. The defense continued to object "if he [the prosecutor] is not going to produce Julius Wallace to testify." The defense also stated that the admission was "fairly prejudicial," but provided no explanation.

▬▬ Recently, we discussed the issue of collateral misconduct in *State v. McGinnis, supra.* Syl. pt. 2, *State v. McGinnis* states:

Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a prepon-

derance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

In this case, the trial court held an *in camera* hearing. During the hearing the State noted that the alleged brandishing was introduced only to explain the police radio report that led to stopping the defendant. The State did not allege that the defendant committed the act but only that there was a report. Although during the *in camera* hearing, the trial court did not specifically refer to Rules 401, 402 and 403 of the *W.Va. R.Evid.*, the trial court did consider the relevancy of the report and was satisfied that the evidence could be admitted for the purpose of providing background.[10]

▬▬ In this case, the trial court did not give the limiting instructions recommended in Syl. pt. 2, *State v. McGinnis.* However, unlike the defense in *State v. McGinnis,* which "made timely objections to most of the prosecution's witnesses and frequently asked for limiting instructions," Mr. McGhee's lawyer made only the objection considered during the *in camera* hearing[11] and did not

---

**10.** Although the defense in the *in camera* hearing said, "It's [the police report] fairly prejudicial," no further explanation or argument was provided by the defense.

**11.** In Syl. pt. 1, *Wimer v. Hinkle,* 180 W.Va. 660, 379 S.E.2d 383 (1989), we stated:

An objection to an adverse ruling on a motion in limine to bar evidence at trial will preserve the point, even though no objection was made at the time the evidence was offered, unless there has been a significant change in the basis for admitting the evidence.

request any limiting instructions. In *State v. McGinnis,* we noted that "the trial court is under no obligation to give a limiting instruction unless one is requested." *State v. McGinnis,* 193 W.Va. at 156, 455 S.E.2d at 525. *See also, TXO Production,* 187 W.Va. at 471, 419 S.E.2d at 884 ("TXO did not request a limiting instruction regrading the other acts testimony;" therefore, no error occurred); *State v. Pancake,* 170 W.Va. 690, 694, 296 S.E.2d 37, 41 (1982) ("[d]efendant would have been entitled to a cautionary instruction, but did not ask for one").

In this case, we note that although no limiting instruction was given, the jury was informed by the State in its closing rebuttal that brandishing is "not the charge we are here on." Although the *in camera* hearing should have been conducted before the trial, the defense did not file a motion *in limine* to exclude evidence of the alleged brandishing.[12]

Finally, we note that Mr. McGhee's argument that the *in camera* hearing was *inadequate* as a matter of law, is mostly a restatement of his argument to exclude evidence of the alleged brandishing which we discussed and rejected earlier. *See supra* Part I A.

## II.

Mr. McGhee alleges that the jury was not instructed on all the elements of the concealed weapon charge, specifically "the required mental state." However, without objection by the defense, the jury received the following instruction concerning the "proof of specific intent:"

The Court instructs the jury that the crimes charged in this case are crimes which require proof of specific intent before the defendant can be convicted. Specific intent, as the term applies, means more than the general intent to commit the act. To establish specific intent, the State must prove beyond a reasonable doubt that the defendant knowingly did an act which the law forbids, purposely intending to vio-

late the law. Such intent may be determined from all the facts and circumstances surrounding the case.

The record shows that Mr. McGhee agreed to the instructions and that all instructions requested by the defense were given.

Rule 30 [1985] of the *W.Va.R.Cr.P.* states, in pertinent part:

No party may assign as error the giving or the refusal to give an instruction or to the giving of any portion of the charge unless he objects thereto before the arguments to the jury are begun, stating distinctly the matter to which he objects and the grounds of his objection; but the court or any appellate court may, in the interest of justice, notice plain error in the giving or refusal to give an instruction, whether or not it has been made the subject of objection.

On appeal, Mr. McGhee maintains that his case is similar to *State v. Choat,* 178 W.Va. 607, 617, 363 S.E.2d 493, 503 (1987) in which the jury was not instructed to determine if the concealed lock-blade knife with an approximately five-and-one-half inch blade carried by the defendant was "in fact, a 'dangerous or deadly weapon' pursuant to *W.Va.Code,* 61–7–1 [1975]." Unlike the knife in *State v. Choat,* this case's weapon, a pistol, is *per se* a deadly weapon under *W.Va.Code,* 61–7–2 [1989]. Finally the jury was instructed to consider the defendant's specific intent.

Because the jury instructions, when taken as a whole, properly instructed the jury on all the necessary elements of the crime, we find Mr. McGhee's final assignment of error to be without merit.

For the above stated reasons, we affirm the decision of the Circuit Court of Ohio County.

Affirmed.

BROTHERTON, J., did not participate.

FOX, J., sitting by temporary assignment.

---

12. Mr. McGhee did file a motion *in limine* to exclude evidence that Mr. McGhee stole the 9 MM pistol. Although the trial court's ruling is not in the record, no evidence was presented concerning the alleged theft.