511 S.E.2d 112

**STATE of West Virginia, Appellee,**

v.

**Charles Lee BREWER, Appellant.**

No. 25013.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 9, 1998.

Decided Dec. 1, 1998.

Stephen A. Arnold, Esq., Public Defender, Charleston, West Virginia, Attorney for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Victor S. Woods, Esq., Assistant Attorney General, Charleston, West Virginia, Attorney for Appellee.

PER CURIAM:

Mr. Charles Brewer (hereinafter "Mr. Brewer" or "Appellant") appeals his conviction for three counts of receiving stolen property. Mr. Brewer contends that the Circuit Court of Jefferson County erred in denying his motion to suppress evidence seized from his van; that the court erred in convicting and sentencing him for three separate charges of receiving stolen property when the State presented no evidence that Mr. Brewer received the property on three separate occasions; and that the court erred in failing to grant a mistrial subsequent to certain statements of an investigating officer. The State concedes that three separate occasions of receiving stolen property were not proven and that three separate convictions were therefore improper. We reverse on that basis, affirm in all other respects, and remand for appropriate sentencing in accordance with this opinion.

## I. Facts

On March 7, 1995, Jefferson County police received an anonymous tip informing them that a man was selling drugs out of a van in a grocery store parking lot, and the anonymous caller provided a description of the van. Trooper Monte Williams thereafter received a radio call from Jefferson County Emergency Headquarters regarding a gray van in a grocery store parking lot and proceeded toward the parking lot. Sergeant Robbie Roberts contacted Trooper Williams and informed him that he had previously obtained information from a confidential informant indicating that Mr. Charles Brewer had been selling crack cocaine out of his van and that Mr. Brewer kept a loaded nine-millimeter pistol in a secret overhead compartment in the van.

As they proceeded toward the parking lot in separate vehicles, Sergeant Roberts and Trooper Williams observed a gray van pulling into a restaurant parking lot, and they stopped that vehicle. Mr. Brewer exited the van and walked toward Trooper Williams.

While Trooper Williams "patted down" Mr. Brewer, finding no drugs or weapons, Sergeant Roberts looked into the van and observed an overhead compartment, as the confidential informant had reported. Sergeant Roberts reached into the van, opened the overhead compartment, and discovered a loaded firearm. Trooper Jose Centeno then arrived at the scene, looked into the van through a window with his flashlight, and observed several guns on the floor. Trooper Centeno conducted a search of the vehicle, discovering crack cocaine and fifteen rifles.

On September 29, 1995, Mr. Brewer was indicted for possession of a controlled substance and four counts of receiving stolen property. One count of receiving stolen property was dismissed prior to trial, and the possession charge was severed from the receiving charges.

On June 26, 1996, Mr. Brewer filed a motion to suppress the evidence seized from the van, contending that all evidence should be suppressed due to an allegedly illegal stop and search of the vehicle. That motion to suppress was denied after a hearing before the lower court. Subsequent to a December 5, 1996, trial, Mr. Brewer was convicted of three counts of receiving stolen property. Motions for acquittal and a new trial were denied by the lower court. On March 10, 1997, Mr. Brewer was sentenced to one year for each count, to run consecutively. Mr. Brewer was released on bond pending his appeal to this Court.

Mr. Brewer assigns error as follows: (1) the lower court erred in denying Mr. Brewer's motion to suppress all evidence seized from the van, based upon the allegedly illegal stop and search of the van; (2) the lower court erred in improperly convicting Mr. Brewer for three separate counts of receiving stolen property despite the State's failure to prove three separate occasions of receiving property; and (3) the lower court erred in failing to grant the requested mistrial subsequent to testimony by Trooper Centeno regarding the stolen rifles in Mr. Brewer's van.

## II. The Initial Stop and the Search

Syllabus point three of *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994),

instructs as follows: "On appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference." We therefore review the allegations of illegality of the stop and search issues under a *de novo* standard of review.

## A. The Initial Stop

We explained as follows in syllabus point one of *Stuart*.

> Police officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime. To the extent *State v. Meadows*, 170 W.Va. 191, 292 S.E.2d 50 (1982), holds otherwise, it is overruled.

Syllabus point two of *Stuart* elaborates as follows: "When evaluating whether or not particular facts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police." Specifically relevant to stops based in part upon an anonymous tip, syllabus point four of *Stuart* instructs, "A police officer may rely upon an anonymous call if subsequent police work or other facts support its reliability and, thereby, it is sufficiently corroborated to justify the investigatory stop under the reasonable-suspicion standard." Syllabus point five of *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996), reiterates those principles:

> For a police officer to make an investigatory stop of a vehicle the officer must have an articulable reasonable suspicion that a crime has been committed, is being committed, or is about to be committed. In making such an evaluation, a police officer may rely upon an anonymous call if subsequent police work or other facts support its reliability, and, thereby, it is sufficiently corroborated to justify the investigatory stop under the reasonable-suspicion standard.

In the present case, the officers predicated the initial stop upon a reasonable suspicion founded in previously obtained information and an anonymous call. Specifically, the officers had obtained information from a confidential informant regarding the Appellant's drug sales in a certain vicinity. Coupled with the anonymous telephone call regarding a gray van in the same vicinity, the officers had the necessary reasonable suspicion. We find that the trial court properly concluded that, under the totality of the circumstances, the initial stop was adequately supported.

## B. The Search

The United States Supreme Court, in *Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), explained:

> [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonable warrant" the officer in believing that the suspect is dangerous and the suspect may obtain immediate control of weapons.

463 U.S. at 1049, 103 S.Ct. 3469. The United States Supreme Court also recognized that the suspect, even where he has already exited the vehicle, may break away from police and retrieve the weapon from the vehicle. *Id.* at 1051–52, 103 S.Ct. 3469.

The officers in the present case had specific information regarding the Appellant's alleged concealment of a nine millimeter weapon in an overhead compartment of his van. We conclude that based upon the prior information provided to the officers, Sergeant Roberts' limited search of the interior of the van in an attempt to secure the hidden weapon was justified based upon his reasonable belief that the suspect could potentially obtain access to the weapon during the stop.

Additionally, the testimony at trial concerning the possession of stolen guns was presented through Trooper Centeno, who had observed the weapons independently of Sergeant Roberts' search for the hidden nine millimeter weapon. Trooper Centeno testi-

fied during the suppression hearing and at trial that he had observed, through the use of his flashlight, the stolen weapons through a window of the Appellant's van. We find that the testimony concerning the officers' discovery of the weapons was properly presented at trial and affirm the lower court on this ground.

### III. Conviction for Three Separate Counts of Receiving Stolen Property

■■■■ The State concedes that insufficient evidence existed to convict the Appellant of three counts of receiving stolen property. As we instructed in syllabus point nine of *State v. Hall,* 171 W.Va. 212, 298 S.E.2d 246 (1982),

> Under the provisions of *W.Va.Code,* 61–3–18 [1931] where the State proves that a defendant received or aided in the concealment of property which was stolen from different owners on different occasions, but does not prove that the defendant received or aided in the concealment of the property at different times or different places then such defendant may be convicted of only one offense of receiving or aiding in the concealment of stolen property.

We reverse on that ground and remand with directions to set aside two of the Appellant's three convictions.

### IV. Trooper Centeno's Testimony

■■■ A lower court's determination regarding a motion for new trial is reviewed under an abuse of discretion standard. *State v. Helmick,* 201 W.Va. 163, 169, 495 S.E.2d 262, 268 (1997). "The question of whether a new trial should be granted is within the discretion of the trial court and is reviewable only in the case of abuse." *State v. Crouch,* 191 W.Va. 272, 275, 445 S.E.2d 213, 216 (1994) (citation omitted). We find no abuse of discretion in the lower court's determination that a new trial was not warranted.

The following exchange between Mr. Brewer's attorney and Trooper Centeno occurred during cross-examination:

> Brewer's Attorney: "Seven of the guns were stolen and the rest were not, isn't that correct? Isn't that correct?"

> Trooper Centeno: "Not in that way, sir. There [sic] reports stolen. We just didn't count them in the indictment, in this indictment in particular."

> Attorney: "Other guns?"

> Centeno: "That is correct, sir. Just seven these (sic) we could count in this indictment."

Mr. Brewer's attorney then requested a mistrial, stating that the jury had been tainted by Centeno's answer. The State responded that Brewer's attorney knew that the other guns were stolen when he asked the question. The court offered to give a curative instruction, but the defense indicated that it did not want the judge to give the instruction. The defense also asked the court to defer ruling on the motion for mistrial until after the conclusion of the trial.

When testimony resumed, the following exchange occurred:

> Attorney: "Trooper Centeno, of the guns that were found in my client's vehicle these were reported stolen, isn't that correct?"

> Centeno: "That is correct sir."

> Attorney: "And other guns were not reported stolen, were they?"

> Centeno: "Not to me, sir, no."

■■■ We have consistently held that the decision to grant a mistrial is within the sound discretion of a trial judge. *State v. Giles,* 179 W.Va. 323, 329, 368 S.E.2d 107, 113 (1988); *State v. Williams,* 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983). A mistrial is granted only if there is a "manifest necessity for discharging the jury prior to rendering its verdict." *Williams,* 172 W.Va. at 304, 305 S.E.2d at 260.

In *State v. McGhee,* 193 W.Va. 164, 455 S.E.2d 533 (1995), we examined the remedy for introduction of "other crimes" evidence into a trial and explained that a limiting instruction may be appropriate. *Id.* at 170, 455 S.E.2d at 539. We have also specified, in *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994), that trial courts are not required to give limiting instructions sua sponte. In the present matter, the trial court offered to provide a limiting instruction, and the defense declined to have the jury so instructed. We affirm the lower court on this issue,

finding that Trooper Centeno's responses were not grounds for a new trial.

### V. Conclusions

Based upon the foregoing, we conclude that three separate convictions for receiving stolen property were improper, affirm on all other issues, and remand for entry of a corrected order indicating the Appellant's conviction for one count of receiving stolen property and sentencing the Appellant accordingly.

Affirmed in part, reversed in part, and remanded with directions.