379 S.E.2d 383

**Patricia WIMER, Administratrix of the Estate of Timothy Wimer**

v.

**Stephen Clark HINKLE and Patsy Hinkle.**

No. 18258.

Supreme Court of Appeals of West Virginia.

March 13, 1989.

Jerry D. Moore, Franklin, for Patricia Wimer.

George I. Sponaugle, II, Franklin, Oscar M. Bean, Bean & Bean, Moorefield, for Stephen & Patsy Hinkle.

MILLER, Justice:

The single issue raised on this appeal is whether the Deadman's Act, W.Va.Code, 57–3–1, should have barred testimony of a guest passenger in a truck which struck the automobile of the plaintiff's decedent.

The decedent, Timothy Wimer, was driving a 1980 Datsun automobile in a southerly direction on State Route 28 in Pendleton County. The defendant, Stephen Hinkle, was driving in the opposite direction. His pick-up truck struck the Wimer vehicle, killing Timothy Wimer. At trial, the plaintiff introduced evidence to show that the Hinkle truck had crossed into the Wimer lane of traffic causing the collision.

Prior to trial, the plaintiff moved in limine to bar the testimony of the passenger in the truck, Rebecca Davis, under the Deadman's Act. This motion was denied, and the jury was permitted to hear Ms. Davis's testimony, which was quite damaging to the plaintiff's case. It should be noted that Ms. Davis was the only eyewitness to the accident. The driver of the truck, Mr. Hinkle, had no recollection of the details of the accident.

Ms. Davis testified that as Mr. Wimer came over the crest of a hill, he swerved his vehicle into Mr. Hinkle's lane of traffic, and immediately returned to his lane of traffic. She further testified that just as Mr. Wimer was returning to his own lane of traffic, Mr. Hinkle swerved his vehicle into Mr. Wimer's lane of traffic and the

vehicles collided. Her testimony suggested that Mr. Wimer had created a sudden emergency and that Mr. Hinkle had reacted by crossing the centerline.

Ms. Davis also indicated that she was the girlfriend of the defendant, Mr. Hinkle. She also testified that she had a claim for personal injuries against the Wimer estate and that she had previously collected a sum of money for damages from Mr. Hinkle. The plaintiff had informed the trial court of Ms. Davis's claim against Mr. Wimer when the motion in limine was argued on the day of·trial.

## I.

Initially, the defendant, Mr. Hinkle, argues that the evidentiary issue concerning the Deadman's Act was waived because no objection was made at trial to Ms. Davis's testimony. The matter had been raised by way of motion in limine which the court decided on the day of trial. The record reflects that there was a full discussion of this issue with the trial court. Relevant law was cited, and there was a description of the interest held by the potential witness, Ms. Davis, which was her potential claim for monetary damages against the plaintiff's decedent's estate.[1]

It was the court's view that since Ms. Davis was not a party to the present litigation, she had no interest. Consequently, there was no impediment to her testifying. After making this ruling, plaintiff's counsel asked that his "exceptions to the rulings of the court" be noted. The court responded: "It would be so noted." There was no renewal of the objection at the time Ms. Davis testified. Consequently, the defen-

dant urges that this point is waived. We do not agree.

We have in our earlier cases recognized the practice of filing motions in limine as a means of acquainting the trial court with specific evidentiary issues that may occur at trial. *See Smith v. Holloway Constr. Co.,* 169 W.Va. 722, 289 S.E.2d 230 (1982); *State v. Ferguson,* 165 W.Va. 529, 270 S.E.2d 166 (1980). Such a procedure enables the trial court judge to become acquainted with potentially troublesome issues prior to trial. It permits more of an opportunity to study and reflect on the issue than if it were first raised during the trial.[2] This practice is specifically encouraged under Rule 103(c) of the West Virginia Rules of Evidence.[3]

We spoke to this issue in *Smith.* There, no objection was made to the court's initial ruling in limine which granted the defendant's request to preclude the plaintiffs in a blasting case from testifying about damages caused to other buildings. We concluded that the failure to make an objection at the time the ruling was made foreclosed our addressing the issue on appeal.

In *State v. Clark,* 170 W.Va. 224, 292 S.E.2d 643 (1982), defense counsel had, just prior to the beginning of trial, objected to several prosecution photographs on the ground that they were inflammatory. No ruling was made, and the objection was renewed at trial and argued in chambers, but the judge again made no ruling. When the photographs were introduced at trial, the defense made no objection. We concluded that the defendant had failed to preserve the point.

---

1. It is not clear from the record whether at the time of this trial, Ms. Davis had actually filed suit against the decedent's estate.

2. Professor Cleckley in his *Handbook on Evidence for West Virginia Lawyers* § 3.9(I) at 145 (2d ed. 1986), points to this statement in note 4 of *Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 463, 83 L.Ed.2d 443, 447 (1984): "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials. See generally Fed.Rule Evid. 103(c); cf. Fed.Rule Crim.Proc. 12(e)."

3. Rule 103(c) of the West Virginia Rules of Evidence provides:

   "*Hearing of Jury.*—In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury. *Where practicable, these matters should be determined upon a pretrial motion in limine.*" (Emphasis added).

We believe that this case differs from both *Smith* and *Clark*. Here, the motion was considered by the trial court after the jury had been empaneled and before any evidence was taken. A full explanation of the motion was given to the trial judge with legal authorities, and, after due consideration, he made the ruling permitting the testimony of Ms. Davis. The plaintiff objected.

The fundamental purpose of an objection to evidence is to bring to the court's attention potentially inadmissible evidence so that the court may make a ruling on the question. A corollary principle is that ordinarily a party may not claim evidentiary error on appeal where no objection is made at the trial level.[4] This is designed to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error.

When tested by these standards, we believe the trial court was given a fair opportunity to consider this matter, and there was a sufficient objection to preserve the point.[5] The Colorado Supreme Court *en banc* has considered this question at some length in *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322 (Colo.1986). After noting that there was a split of authority,[6] the Colorado court concluded that an objection to an adverse ruling on a motion in limine to bar evidence at trial will preserve the point, even though no objection was made at the time the evidence was offered. A different result may be warranted where there is a significant change in the basis for admitting the evidence. When this occurs, a further objection may be required. Here, there was no change in the basis for admitting the evidence from the time the in limine ruling was made until the evidence was introduced at trial. Therefore, the plaintiff's objection to the in limine ruling preserved the point.

## II.

We turn now to the substantive issue regarding the competency of Ms. Davis to testify under the Deadman's Act. We recently discussed this statute at some length in *Moore v. Goode*, 180 W.Va. 78, 375 S.E.2d 549 (1988). In *Moore*, we pointed out that the Act established three conditions that must be met in order to bar testimony, as outlined in Syllabus Point 10:

"To summarize the basic operation of the Deadman's Act, W.Va.Code, 57–3–1, a concurrence of three general conditions must be met in order to bar the witness's testimony. First, the testimony must relate to a personal transaction with a deceased or insane person. Second, the witness must be a party to the suit or interested in its event or outcome.

---

4. *E.g.,* Syllabus Point 3, *Johnson v. State Dept. of Motor Vehicles,* 173 W.Va. 565, 318 S.E.2d 616 (1984), *quoting* Syllabus Point 1, *Evans v. State Compensation Director,* 150 W.Va. 161, 144 S.E.2d 663 (1955).

5. Rule 103(d), W.V.R.E., permits a court to take "notice of plain errors affecting substantial rights although they were not brought to the attention of the court." We need not, in light of our ruling, determine if this rule is applicable to the evidentiary issues presented here.

6. Note 6 of *Uptain,* 723 P.2d at 1329–30, summarizes this split of authority:

"Compare *Rojas v. Richardson,* 703 F.2d 186 (5th Cir.1983) (motion in limine does not preserve error for appeal); *Northwestern Flyers, Inc. v. Olson Bro. Mfg. Co.,* 679 F.2d 1264 (8th Cir.1982); *Collins v. Wayne Corp.,* 621 F.2d 777 (5th Cir.1980); *United States v. Helina,* 549 F.2d 713 (9th Cir.1977); *People v. Stewart,*
140 Cal.App.3d 11, 189 Cal.Rptr. 141 (1983); *Douglas v. Lombardino,* 236 Kan. 471, 693 P.2d 1138 (1985); *Maricle v. Spiegel,* 213 Neb. 223, 329 N.W.2d 80 (1983); *State v. Leslie,* 14 Ohio App.3d 343, 471 N.E.2d 503 (1984); *Zehner v. Post Oak Oil Co.,* 640 P.2d 991 (Okla. App.1981); *Dailey v. Wheat,* 681 S.W.2d 747 (Tex.App.1984); *State v. Lesley,* 672 P.2d 79 (Utah 1983); *with American Home Assurance Co. v. Sunshine Supermarket, Inc.,* 753 F.2d 321 (3d Cir.1985) (motion in limine preserves error for appeal); *Sheehy v. Southern Pacific Transportation Co.,* 631 F.2d 649 (9th Cir. 1980); *Reyes v. Missouri Pacific Railroad Co.,* 589 F.2d 791 (5th Cir.1979); *United States v. Williams,* 561 F.2d 859 (D.C.Cir.1977); *Loof v. Sanders,* 686 P.2d 1205 (Alaska 1984); *State v. Lujan,* 136 Ariz. 326, 666 P.2d 71 (1983); *Harley–Davidson Motor Co. v. Daniel,* 244 Ga. 284, 260 S.E.2d 20 (1979); *State v. Foster,* 296 Or. 174, 674 P.2d 587 (1983); *State v. Kelly,* 102 Wash.2d 188, 685 P.2d 564 (1984)."

Third, the testimony must be against the deceased's personal representative, heir at law, or beneficiaries or the assignee or committee of an insane person."

In considering these conditions, the parties do not appear to dispute that the movement of the deceased's vehicle at the time of the accident was a "personal transaction." This was based on our prior cases of *Strode v. Dyer,* 115 W.Va. 733, 177 S.E. 878 (1934), and *Willhide v. Biggs,* 118 W.Va. 160, 188 S.E. 876 (1936), which were decided by a 3-2 margin.[7] Nor is there any disagreement that Ms. Davis's testimony would be against the interest of the deceased's personal representative, the plaintiff.[8] The area of contention is whether, since she was a nonparty, she had a disqualifying interest. The key phrase in the statute is "any person interested in the event thereof."[9]

◼ The trial court's view was that Ms. Davis was not a party to the suit and did not have an interest in it. It was recognized that she did have a potential claim against the Wimer estate as a guest passenger in the Hinkle vehicle, but this was felt not to be a disqualifying interest. The "interest test" for such a witness is set out in *Coleman v. Wallace,* 143 W.Va. 669, 672, 104 S.E.2d 349, 351 (1958), where we paraphrased language from our earlier case of *Sayre v. Woodyard,* 66 W.Va. 288, 293, 66 S.E. 320, 322 (1909):

"The test as to whether appellant is an interested party within the meaning of [W.Va.Code, 57-3-1,] is not whether she may be interested in the question in issue, or may entertain wishes on the subject, *or may even have occasion to test the same question in a future suit,* but whether the proceeding can be used for evidence in some pending or future suit. Such person must have an interest to be affected by the result of the suit or by the force of the adjudication. This was the common law rule, which still prevails in this State." (Emphasis added).

◼ Clearly, under the foregoing, an interest which will disqualify a witness who is not a party must flow from the suit in which the testimony is offered. The fact that the same issue of the decedent's negligence may occur in future litigation between the witness and the decedent is not enough.

The difficult question is what is meant by *Coleman's* phrase "whether the proceeding can be used for evidence in some pending or future suit." From a procedural standpoint, it is possible to envision a circumstance where Ms. Davis's testimony in this case could be used in a later trial. This would assume that she was dead and that her personal representative was suing the plaintiff's decedent's estate for her injuries received in this motor vehicle accident.

◼ We decline, however, to extend the interest test this far. It is obvious that the legislature has substantially undercut the decisions in *Strode* and *Willhide* in its amendment to W.Va.Code, 57-3-1 (1937):

"[W]here an action is brought for causing the death of any person by any wrongful act, neglect or default under article seven [§ 55-7-1 et seq.], chapter fifty-five of this Code, the person sued or

---

7. There is a split of authority in other jurisdictions as to whether testimony concerning the facts surrounding the deceased's vehicular or other accident constitutes a "personal transaction" under the Deadman's Act. *See* Annot., 80 A.L.R.2d 1296 (1961). As to the continued validity of *Strode* and *Willhide, see* note 10, *infra.*

8. We have recognized that where the witness's testimony is not adverse to the decedent's interest, the testimony is admissible. Syllabus Point 2, *Holland v. Joyce,* 155 W.Va. 535, 185 S.E.2d 505 (1971); *Board of Educ. v. Harvey,* 70 W.Va. 480, 74 S.E. 507 (1912).

9. The relevant portion of W.Va.Code, 57-3-1, is:

"No person offered as a witness in any civil action, suit or proceeding, shall be excluded by reason of his interest in the event of the action, suit or proceeding, or because he is a party thereto, except as follows: No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased[.]"

the servant, agent or employee of any firm or corporation sued, shall have the right to give evidence in any case in which he or it is sued, but he may not give evidence of any conversation with the deceased." [10]

The clear import of this amendment is to allow testimony by a defendant or the defendant's servant or employee relating to facts surrounding the wrongful death claim, except "evidence of any conversations with the deceased." [11]

It would appear incongruous for us to now hold that even though a defendant may testify against the deceased driver, the passenger in his vehicle may not. Furthermore, it appears that even in the absence of a statutory modification, as we have here, courts have held that though a claimant is barred from testifying in his own claim, he is not barred from testifying on behalf of a fellow claimant. *E.g., Sisson v. Johnson*, 187 N.W.2d 745 (Iowa 1971); *Gehner v. McPherson*, 430 S.W.2d 312 (Mo.App.1968); *In Re Jelinek's Estate*, 146 Neb. 452, 20 N.W.2d 325 (1945); *Davis v. Flynn*, 57 N.C.App. 575, 291 S.E.2d 818 (1982); *see generally* Annot., 145 A.L.R. 566 (1943).

■ For these reasons, we affirm the trial court's holding that W.Va.Code, 57–3–1, does not preclude a passenger in a defendant driver's vehicle from testifying as to the movements of the plaintiff's decedent's vehicle prior to and at the time of the accident, even though the passenger may have a claim for injuries against the estate of the plaintiff's decedent arising from the accident.

Affirmed.

McGRAW, J., participated in this decision, but departed from the Court prior to the preparation of the opinion.

WORKMAN, J., did not participate in the consideration or decision of this case.

---

**10.** 1937 W.Va.Acts ch. 67. The *Willhide* case was decided in 1936. The parties have not raised, and, therefore, we do not address whether there is any continued validity to the principle stated in *Strode* and *Willhide* that the physical movements of the deceased or the vehicle in which he is riding constitutes a "personal transaction." It is evident that under the 1937 amendment, a defendant and his employee may testify where the decedent's personal representative is bringing a wrongful death action. However, the amendment does not technically cover a situation where an injured plaintiff sues the deceased's personal representative claiming that the deceased was negligent in the operation of his vehicle.

**11.** In *Strode,* the wife of the defendant was also foreclosed from testifying against the administrator of the plaintiff's decedent's estate. She had no interest in the wrongful death suit except her relationship to her husband. We have traditionally held that mere relationship to a party is not a disqualifying interest under W.Va. Code, 57–3–1. *In re Fox' Estate,* 131 W.Va. 429, 48 S.E.2d 1, 7 A.L.R.2d 1 (1948). The Court in *Strode* did not explain why the wife's testimony was barred under the Deadman's Act. Presumably, it was barred on the common law theory that if one spouse was incompetent to testify, the other spouse was also precluded. *See* Syllabus Point 2, *Kuhn & Hoover v. Shreeve,* 141 W.Va. 170, 89 S.E.2d 685 (1955). *See also Sperry v. Clark,* 123 W.Va. 90, 13 S.E.2d 404 (1941); *Sattes v. Sattes,* 113 W.Va. 708, 169 S.E. 392 (1933); *Freeman v. Freeman,* 71 W.Va. 303, 76 S.E. 657 (1912). These cases proceed upon the erroneous assumption that W.Va.Code, 57–3–2 (husband and wife shall be competent witnesses to testify for or against each other in all cases, civil and criminal, except as otherwise provided), did not apply.