COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


MARVIN TREVEL OWENS

                                        MEMORANDUM OPINION*
v.          Record No. 2259-95-1     BY JUDGE JOSEPH E. BAKER
                                         NOVEMBER 19, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Robert B. Cromwell, Jr., Judge

           B. Thomas Reed (Cynthia D. Barnaby, on
           brief), for appellant.

           Richard B. Smith, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Marvin Trevel Owens (appellant) appeals from a judgment of

the Circuit Court of the City of Virginia Beach (trial court)

that approved his jury trial convictions of capital murder,

murder in the first degree, robbery, and use of a firearm in the

commission of those felonies.  The sole issue before this Court

is:

           Should the trial court have sustained
           appellant's motion to suppress his own
           eight-hour videotaped statement because
           appellant made no waiver of his rights?


Appellant was charged with robbery and murder of four of his

relatives, using a firearm in the commission of each charge.

     As the parties are familiar with the extensive record

compiled in this case, we reference only those facts necessary to

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

an understanding of this opinion.  Where the trial court has denied a motion to suppress, we view the evidence most favorably to the prevailing party below and the trial court's finding will not be disturbed unless unsupported by the record.  Novak v. Commonwealth, 20 Va. App. 373, 385-87, 457 S.E.2d 402, 407-08 (1995).  As indicated by the issue presented in this appeal, the police made a videotape of most of the interrogation of appellant.  In addition, a transcript of the testimony given at appellant's suppression hearing is provided by the record.

At the suppression hearing, Virginia Beach Detective Al Byrum testified that he was assigned to interview witnesses who may have been in or around the scene where the four victims were murdered, persons having knowledge of the victims, and potential suspects.  Byrum learned that one of the victims, Clifton Harper, also known as "Pops," was appellant's cousin, that Harper was a cocaine dealer, that a person named Michael Ridley was Harper's partner in the sale of narcotics, and that appellant was one of Harper's customers.

Byrum had been informed that there was an outstanding capias for appellant's arrest.  In the course of his investigation, Byrum, together with Virginia Beach Detective John Orr, went to appellant's sister's house where appellant frequently could be found.  After the detectives had been at the house for approximately forty-five minutes, appellant arrived and was identified by his sister.  The officers told appellant that they

were investigating the four deaths, that they understood appellant had talked with one of the victims on the morning of the murders, that they wanted appellant to look at some pictures, and that they wanted appellant to clarify some things.

They explained that appellant did not have to, but they would like for him to go with them to the police station. At the time, appellant was not told that he was a suspect. Appellant voluntarily went with the officers. At the police station, appellant was seated in an interview room. Byrum read appellant his Miranda rights, after which he advised appellant that he was being questioned about Harper's death, not the capias.

The videotape was played in its entirety at the suppression hearing and at trial. Over six-and-one-half hours, three detectives and a police sergeant interrogated appellant alone and in various combinations. Appellant provided numerous accounts of his whereabouts during the murders. The officers provided appellant with information about witnesses and scientific test results, some of which were falsified. When given this information, appellant altered his account so as to be consistent with what he had been told by the officers. Eventually, appellant admitted that he was at the house and that he accidentally shot Harper. Appellant initially claimed that Ridley was present and that Ridley had picked up the gun and shot the other three victims while appellant was calling 911 for help. Later appellant stated that the killer of the other three

victims was a man named "Dee" who had been dropped off at the house that morning with appellant looking to buy drugs from Harper.

Appellant then went from the station with the detectives for the purpose of showing the detectives where they likely could find "Dee." The trip was unsuccessful.

Upon returning to the station, appellant was questioned by Virginia Beach Detective S. W. Hoffman while the video recorder was off. According to Hoffman, appellant admitted that his story regarding "Dee" was not true. The recorder was reactivated and Hoffman left the room. When the subject came up for the first time on tape appellant denied having made the statement.

Appellant continuously denied any involvement in the killing of the other three victims.

Upon examination of the evidence in this record, we find it is sufficient to support the trial court's finding that appellant had been informed of his rights and waived them.

> A waiver of the right to counsel, . . ., need not be explicit; it can be shown by the circumstances. In the present case, the court inferred such a waiver from Eaton's willingness to engage in a discussion of the case with the officers after receiving <u>Miranda</u> warnings and indicating that he understood them.

<u>Eaton v. Commonwealth</u>, 240 Va. 236, 251, 379 S.E.2d 385, 394 (1990) (citation omitted); <u>see also</u> <u>Harrison v. Commonwealth</u>, 244 Va. 576, 423 S.E.2d 160 (1992). On similar facts that statement is applicable to the case before us.

At the time of the offenses and at trial, appellant was a juvenile. Arguments made by appellant here and many facts contained in the record are nearly the same as appear in <u>Novak</u>, 20 Va. App. at 385-88, 457 S.E.2d at 407-09. For the reasons stated in the <u>Novak</u> opinion, we affirm the judgment of the trial court.

<u>Affirmed.</u>