# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.D.-1 & N.D.,**

**No. 15-0677** (Wood County 14-JA-47 & 14-JA-48)

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.D.-2, by counsel Reggie R. Bailey, appeals the Circuit Court of Wood County's June 12, 2015, order terminating her parental rights to eight-year-old M.D.-1 and six-year-old N.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael D. Farnsworth Jr., filed a summary response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying her a dispositional improvement period; (2) terminating her parental rights to the children; and (3) denying her post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and the children's biological father, G.D., failed to provide safe housing or proper supervision for the children and exposed the children to domestic violence. Further, the DHHR alleged that petitioner had a prior termination of parental rights to an older child due to her involvement with G.D. around the time he was convicted of a sexual offense against a child in the 1990s. The DHHR also claimed that it filed a second abuse and neglect petition against petitioner in 2009 when she gave birth to G.D.'s son, N.D. However, the DHHR admitted that petitioner completed services in the 2009 abuse and neglect case and N.D. was returned to her.

---

[1]Because petitioner shares her initials with one of the children, we have distinguished them using numbers 1 and 2. We refer to the child as M.D.–1 and petitioner as M.D.–2.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In August of 2014, the circuit court held an adjudicatory hearing. Petitioner and G.D. stipulated to abuse and neglect of the children as alleged in the petition. Based on their stipulations, the circuit court adjudicated them as abusing parents. Thereafter, both parents received post-adjudicatory improvement periods.

In September of 2014, the circuit court approved the terms and conditions of petitioner's post-adjudicatory improvement period, which included parenting and adult life skills classes and evaluations for substance abuse, domestic violence, and cleanliness and safety in the home. The circuit court further required petitioner to find and maintain safe housing free from domestic violence. During the underlying proceedings, petitioner attempted to obtain new housing, but she ultimately returned to reside in the house where she, G.D., and the children resided at the time of the petition's filing. That house had been deemed uninhabitable by the City of Parkersburg.

In May and June of 2015, the circuit court held two dispositional hearings in this matter. In those hearings, the circuit court heard evidence that petitioner participated in her services, pursuant to her improvement period, but that she failed to find and maintain safe, suitable housing. An inspector from the City of Parkersburg testified that he conducted another review of petitioner's house in May of 2015 and again found numerous safety violations. According to the inspector, the house had sewer problems, no water service, a rear porch in disrepair and in danger of collapse, a wet and mildew-filled basement, bugs, electrical issues, and dirty conditions generally. He specifically noted that the toilet was so filled with waste that it would be difficult to flush manually with buckets of water. Petitioner moved for a dispositional improvement period to have more time to fix the problems with her current housing. Based on the evidence presented, however, the circuit court denied petitioner's motion and terminated her parental rights to the children. The circuit court also denied petitioner's motion for post-termination visitation. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va.

325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first assigns error to the circuit court's denial of her motion for a dispositional improvement period. We have long explained that circuit courts have discretion in deciding whether to grant or deny a respondent parent's motion for a dispositional improvement period. West Virginia Code § 49-4-610(3)[3] provides as follows:

> The [circuit] court may grant an improvement period not to exceed six months as a disposition . . . when:
>
> (A) The respondent moves in writing for the improvement period;
>
> (B) The respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period;
>
> (C) In the order granting the improvement period, the court:
>
>> (i)   Orders that a hearing be held to review the matter within sixty days of the granting of the improvement period; or
>>
>> (ii)  Orders that a hearing be held to review the matter within ninety days of the granting of the improvement period and that the department submit a report as to the respondent's progress in the improvement period within sixty days of the order granting the improvement period;
>
> (D) Since the initiation of the proceeding, the respondent has not previously been granted any improvement period or the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period; and

---

[3]Because the dispositional hearings in this matter occurred on May 22, 2015, and June 5, 2015, which were after the new version of West Virginia Code §§ 49-1-101 through 49-7-304 became effective, the Court will apply the revised versions of those statutes in its discussion of issues related to the dispositional hearings.

(E) The order granting the improvement period shall require the department to prepare and submit to the court an individualized family case plan in accordance with section four hundred eight of this article.

*See also* W. Va. Code § 49-4-604(d) (providing that "[t]he court may, as an alternative disposition, allow the parents or custodians an improvement period not to exceed six months). As used in West Virginia Code § 49-4-610(3), the word "may" is a permissive term connoting discretion. *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 500 n.12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [respondent parent] is making the necessary progress.").

In this case, the record is clear that petitioner failed to demonstrate a substantial change in circumstances since her initial improvement period or that she was likely to fully comply with the order to find and maintain suitable housing. While petitioner argues that she was in the process of locating new housing only to be hindered by G.D.'s home confinement and other obstacles, petitioner failed to correct that condition over the course of approximately one year following the petition's filing. Further, it is unclear what substantial change had occurred since her initial improvement period or whether she would maintain suitable housing once located. Although petitioner complied with many aspects of her initial improvement period, we find that the circuit court did not abuse its discretion in denying her motion for a dispositional improvement period given the circumstances of this case.

Petitioner's second assignment of error is that the circuit court erred in terminating her parental rights to the children. While petitioner argues that she substantially complied with her post-adjudicatory improvement period, she does not deny that her housing was in need of significant repairs to be suitable for children at the time of the final dispositional hearing. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Moreover, we have held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

Here, as noted above, despite her compliance with many of the terms of her initial improvement period, she failed to find and maintain suitable housing for these children. Her house was deemed uninhabitable by the City of Parkersburg, and she provided no reasonable

plan for substantially correcting that imperative issue in the near future. Having had almost one year since the petition's filing to correct that issue, we find no error in the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Given the circumstances presented in this case, we find no error in the circuit court's termination of her parental rights to the children based on those findings.

Petitioner's third and final assignment of error is that the circuit court erred in denying her post-termination visitation with the children. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). However, we have also explained that "[o]ur cases consistently have demonstrated that, in general, the law ministers to the vigilant, not to those who sleep on their rights[.]" *State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996); *see also Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) (stating that "[i]n the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."); *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979) (stating that "silence may operate as a waiver of objections to error and irregularities at the trial which, if seasonably made and presented, might have been regarded as prejudicial."); *Wimer v. Hinkle*, 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989) (The raise or waive rule is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error.").

In the instant matter, the circuit court found that petitioner failed to move for post-termination visitation, and, therefore, it denied post-termination visitation to petitioner. Petitioner now argues that she sought post-termination visitation through her motion for a dispositional improvement period, regular attendance at visits with the children, and her testimony attesting to her continued desire to be with the children. The DHHR, on the other hand, argues that the circuit court considered post-termination visitation upon the guardian's request. As relayed by the DHHR, the children's therapist recommended that post-termination visitation with petitioner was not in the children's best interests, and, based on that recommendation, the circuit court properly denied the same. Following a review of the record on appeal, the parties' arguments, and all pertinent legal authority, we find that petitioner failed to properly seek post-termination visitation before the circuit court. As such, we find no error in the circuit court's denial of that visitation.

For the foregoing reasons, we find no error in the circuit court's June 12, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II