# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mitchell Brozik,**
**Defendant Below, Petitioner**

**vs.)  No. 18-1021** (Monongalia County 18-P-330)

**Olga Shmeleva,**
**Plaintiff Below, Respondent**

and

**State of West Virginia ex rel.**
**Olga Shmeleva,**
**Petitioner**

**vs.) No. 19-0871** (Monongalia County 18-C-95 and 18-P-330)

**The Honorable Debra Scudiere,**
**Judge of the Circuit Court of Monongalia County,**
**and Mitchell Brozik,**
**Respondents**

**FILED**

**February 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner in Case No. 18-1021 and respondent in Case No. 19-0871, Mitchell Brozik, by counsel Frank A. Oliverio, appeals the Circuit Court of Monongalia County's October 31, 2018, order directing Mr. Brozik to vacate the home at issue if it did not sell by a specified date. Respondent in Case No. 18-1021 and petitioner in Case No. 19-0871, Olga Shmeleva, by counsel S. Sean Murphy, submitted a summary response to which Mr. Brozik submitted a reply. In Case No. 19-0871, Ms. Shmeleva filed a petition for writ of prohibition[1] against Mr. Brozik and Judge Debra Scudiere following Judge Scudiere's September 20, 2019, grant of Mr. Brozik's motion to consolidate two actions pending before the Circuit Court of Monongalia County. Mr. Brozik submitted a response to the petition for writ of prohibition.[2]

---

[1] Upon consideration, the Court is of the opinion that a rule should not be issued, and the writ prayed for by Ms. Shmeleva in Case No. 19-0871 is hereby refused.

[2] In Case No. 18-1021, Ms. Shmeleva filed a motion for expedited relief and Mr. Brozik filed an "Emergency Motion to Stay Order Lifting Stay." Upon review of these motions, this Court denies both motions as moot.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brozik and Ms. Shmeleva were married in 2012 but did not have any children. The parties separated in January of 2016 and subsequently filed for divorce. During their divorce proceedings, the parties entered into an October 3, 2016, property settlement agreement, which was adopted by the family court and incorporated into the final divorce decree.[3] As set forth in that decree, the family court found that the parties filed their signed property settlement agreement "which resolves all issues in the above-styled case." The family court also found that the property

---

[3] In relevant part, the property settlement agreement provides as follows:

2. **Separate Ownership**

Except a[s] specifically set forth below, each party shall own, free of any claim or right of the other, all of the items of property, real, personal, and mixed of any kind, nature, or description, and wherever situate, which are now owned by him or her solely or to which he or she is, or may be beneficially entitled to which may hereafter belong to or come to him or her with full power to him or to her to dispose of the same as fully and effectually in all respects and for all purposes as if he or she were unmarried.

*****

5. **Responsibility for Debts**

The parties do not have, nor have they ever had, any joint debts. The Parties agree to be individually responsible for any and all debts incurred by them individually, at any time, from prior to the marriage, throughout the marriage, and since the date of their separation . . . .

6. **Sale of Marital Residence**

Husband will be residing in the Parties' former marital residence . . . for a period of up to six (6) months from the date of this agreement, until it is sold, but Wife shall have periodic access to the marital residence at reasonable times when Husband is available . . . . The Parties hereto [a]cknowledge and agree that the Husband shall lease the marital residence . . . titled in the wife's name alone, from the wife from December 2016 to May 2017. The Husband shall be the sole resident of the marital residence and he shall be solely responsible for all expenses arising out of the ownership of the marital residence . . . Husband's obligation shall be satisfied by a monthly payment to the wife as agreed . . . . If the Husband defaults on his payments, the Wife will list the house for sale before May 2017. In May 2017 the Husband gets first right to purchase or refinance the home or have a member of his family or friends to assist in helping purchase the home. If the Husband is unable to do so, the Parties shall advertise the marital residence privately, on salesbyowner.com, and if, after ninety (90) days, there is insufficient progress, a real estate agent will be hired . . . .

settlement agreement was entered into by the parties knowingly, voluntarily, intelligently, and with the opportunity to seek the advice of counsel. On February 9, 2018, the parties entered into an agreed order before the family court, which provided, in relevant part, as follows:

> 1. That in satisfaction of all sums of money owed [Ms. Shmeleva] under the aforesaid Property Settlement Agreement Mitchell Brozik shall pay to Olga Shmeleva the total sum of $60,000.00 payable as follows: . . .

> (d) The balance of $25,000 at the time of the closing of the aforesaid house which shall be due on or before September 1, 2018. The closing of the aforesaid house shall occur on or before September 1, 2018. With the exception of the 1st payment of $5,000 which shall be deposited in [Ms. Shmeleva's] bank account, all remaining payments shall be by certified funds and mailed to [Ms. Shmeleva] at her home . . . .
> ****
> 4. [Mr. Brozik] purchases the house/property as is. There shall not be any requirement that [Ms. Shmeleva] pay for any repairs or remediation to the house/property . . . .

> 5. Until the sale of the house/property at the closing, [Mr. Brozik] agrees to be responsible for the monthly mortgage payments on the property, the property taxes and insurance thereon, and the HOA dues. . . .

On February 23, 2018, the family court held a hearing on Ms. Shmeleva's third petition for contempt, during which the family court found that Mr. Brozik had failed to make the February 9, 2018, payment, so the agreement of the parties reflected in the earlier order was breached and, therefore, null and void. In the February 23, 2018, supplemental temporary order, the family court stated that

> [i]n the course of the parties' marriage, the parties deeded all interest in the marital home . . . to the Wife. It appears this was done in an effort to avoid any claims to the property by the Husband's creditors. While the Wife remains the sole owner of the property by deed, almost certainly the [c]ourt would have found in the divorce that the home was a marital asset to some extent. The [c]ourt never reached the issue because the parties resolved their equitable distribution claims when they executed their Property Settlement Agreement ("PSA") dated October 3, 2016. . . .

Mr. Brozik then filed a petition for writ of prohibition with the Circuit Court of Monongalia County (Judge Gaujot), Civil Action No. 18-C-95. That court entered its "Order Following Petition for Writ of Prohibition" on April 9, 2018. Therein, the circuit court ordered that the February 9, 2018, agreed order entered by the family court be reinstated; that Ms. Shmeleva shall immediately give Mr. Brozik all of his personal property in her possession; that the remaining payment schedule contained in the agreed order be strictly enforced; that the supplemental temporary order entered by the family court on February 23, 2018, be vacated; and that "this FINAL ORDER and this matter is fully resolved and shall be removed from the family court's active docket."

Next, Ms. Shmeleva filed her petition for summary relief for wrongful occupation of residential property (18-P-330/Judge Clawges), and a hearing was set for October 10, 2018. In its October 12, 2018, "Order Regarding Petition for Summary Relief for Wrongful Occupation of Residential Property," the circuit court found that if the sale of the subject property closed by 4:00 p.m. on October 31, 2018, and Mr. Brozik paid Ms. Shmeleva certain payments, Ms. Shmeleva was to deliver a deed to the subject property to the buyer. It held that Ms. Shmeleva is not responsible for any additional expenses related to the house or the closing of the sale, including taxes. The circuit court went on to find that if the closing did not occur and the specified payments were not made by 4:00 p.m. on October 31, 2018, then Ms. Shmeleva would have possession of the property by 4:01 p.m. on that date. The circuit court further ordered

> [s]hould [Mr. Brozik] still wrongfully occupy the property on October 31, 2018, after 4:01 p.m., the Sheriff of Monongalia County shall forthwith remove said [Mr. Brozik], taking such precautions as are necessary to guard against damage to the [subject] property . . . **This is a firm deadline. Time is of the essence. There is no right to cure. There will be no extensions granted.**

(Emphasis in original.)

Mr. Brozik then filed an emergency motion in 18-P-330 for a hearing to clarify the October 12, 2018, order. In its October 31, 2018, order granting that motion, the circuit court extended the October 31 deadline until November 14, 2018. Mr. Brozik appealed that order to this Court. On November 30, 2018, the circuit court entered its amended order granting emergency stay, providing that because Mr. Brozik had appealed its rulings to this Court, the order is stayed pending resolution of the appeal on the condition that Mr. Brozik post a bond in the amount of $15,000 by December 10, 2018, and that Mr. Brozik timely comply with the previous orders with regard to the payment of rent and expenses to Ms. Shmeleva.

Following Judge Clawges's retirement, 18-P-330 was transferred to Judge Scudiere. Ms. Shmeleva filed a motion for an order lifting the stay and a notice of hearing on that motion. On August 1, 2019, the circuit court entered its "Order Regarding Motion for Order Lifting Stay," setting an August 2, 2019, deadline to complete the sale of the house "or at least schedule a firm date for the closing and sale of the house." If the parties were unable to do so, they were to notify the court of the same by 5:00 p.m. on August 2, 2019, and then schedule a mediation to occur no later than August 27, 2019.

Mr. Brozik filed a motion for contempt in 18-C-95 on September 5, 2019, alleging that Ms. Shmeleva had a duty to produce a signed deed and be willing to sign the settlement agreement based on the property settlement agreement and two previous court orders, but she failed to do so. Mr. Brozik requested that the circuit court hold a hearing on his motion and that the court order the property sold as set forth in the previous April 9, 2018, order (in 18-C-95).

On September 12, 2019, the circuit court in 18-P-330 entered its order lifting stay, which provides that on August 19, 2019, the parties conducted an unsuccessful mediation. The court then ordered that Ms. Shmeleva shall have possession of the property in question at 4:00 p.m. on September 30, 2019, and that if Mr. Brozik wrongfully occupies the property in question on

4

September 30, 2019, after that time, the sheriff shall remove him from the property. The circuit court further ordered that the property be listed, through a realtor, for sale immediately and shall remain actively listed for sale until it is sold. Mr. Brozik was also ordered to pay the monthly mortgage payments, property taxes, insurance, and HOA dues on the subject property until it is sold. Mr. Brozik was further ordered to remove Ms. Shmeleva from the mortgage on the property by September 30, 2019. Ms. Shmeleva and her attorney were ordered to fully cooperate in all aspects of the sale of the property and deliver a deed to the subject property to the buyer. Finally, the circuit court ordered that "[n]either party nor their attorneys shall hinder the process or delay the sale of the property."

On September 16, 2019, Mr. Brozik filed a motion for consolidation in 18-P-330. On September 20, 2019, the circuit court consolidated 18-P-330 with 18-C-95 and ordered that future pleadings be filed under 18-C-95. However, Ms. Shmeleva filed a motion for partial relief from the court order granting motion for order lifting stay in 18-P-330 on September 23, 2019.

On September 27, 2019, Ms. Shmeleva filed a petition for writ of prohibition with this Court to prohibit the circuit court from consolidating the underlying actions. On September 30, 2019, Mr. Brozik filed an emergency motion to stay order lifting stay with this Court. Also on September 30, 2019, Mr. Brozik vacated the home at issue pursuant to Judge Scudiere's order.

With regard to the original appeal of the October 31, 2018, order in Case No. 18-P-330, we apply the following standard of review: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W. Va. 178, 469 S.E.2d 114 (1996). In syllabus point 2 of *Walker v. W. Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997), this Court explained as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

At the outset, we remind the parties that Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure requires as follows: "Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error." Despite the fact that Mr. Brozik's brief contains quotes and some of the necessary facts, it does not contain a single citation to the record before this Court. Ms. Shmeleva's brief includes some citations to the record but falls far short of complying with the requirements of this rule.

In addition, Rule 10(c)(7) of the Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on,

under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Mr. Brozik's initial brief fails to comply with Rule 10(c)(7) in that it does not cite to the record in the argument section.

On appeal, Mr. Brozik sets forth two assignments of error. First, he argues that the circuit court erred by hearing a case in which the facts, parties, and issues had been ruled upon by another circuit court and family court in the same county. Mr. Brozik asserts that all of the elements of res judicata, set forth in *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997), are present here.[4] He contends that there has been a final adjudication on the merits in both a final divorce decree and a final agreed order in family court. Further, there was a final order in circuit court "on the very issue of these two parties divesting themselves of the marital property that is the residential property." These parties are the same parties involved in the divorce, and they have already agreed to the use, payment of use, and eventual sale of the residential property and division of the proceeds from that sale. The cause of action identified for resolution is identical to the issues resolved in the previous property settlement statement, final divorce decree, and agreed order from family court, in addition to the final order from circuit court. Without citing any authority, Mr. Brozik further argues that the circuit court erred by failing to consolidate the two circuit court cases.

Mr. Brozik fails to reference a motion to consolidate 18-P-330 with 18-C-95 filed prior to the filing of the instant appeal. Likewise, he fails to cite to a motion to dismiss 18-P-330 based on res judicata or any other grounds. Based on Mr. Brozik's brief, there is no indication that he challenged the circuit court's authority to hear Ms. Shmeleva's petition for wrongful occupation at any time prior to filing the instant appeal before this Court. Ordinarily, "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W.Va. Dep't of Comm.*, 197 W. Va. 318, 475 S.E.2d 410 (1996). Indeed, this Court has consistently explained that

"silence may operate as a waiver of objections to error and irregularities[.]" *State*

---

[4] Syllabus point 4 of *Blake* provides that

[b]efore the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*v. Grimmer,* 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other grounds by State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980). This "raise or waive rule" is designed "to prevent a party from obtaining an unfair advantage by failing to give [a] court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle,* 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989). The "raise or waive rule" also "prevents a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result)." *State v. LaRock,* 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996).

*Hopkins v. DC Chapman Ventures, Inc.,* 228 W. Va. 213, 220-21, 719 S.E.2d 381, 388-89 (2011). Further, Mr. Brozik does not argue that the circuit court's consideration of 18-P-330 was plain error.[5] Therefore, we decline to address the merits of Mr. Brozik's first assignment of error.

Mr. Brozik next argues that the circuit court incorrectly applied "another type of law to an issue that was already decided so as to alter the final decision in a different way than intended." He contends that Ms. Shmeleva attempts to use West Virginia Code § 55-3A-1 to evict him from the residence without first legally establishing that the relationship is one of a landlord-tenant.[6] Without citing to the record, Mr. Brozik argues that court documents show that the petition, presumably the petition for summary relief for wrongful occupation of the residential property, was never verified and that "this owner" has no right to recover possession of the property, though it is unclear to whom he is referring. He further argues that the subject property is undeniably a martial asset subject to the distribution of marital assets. Mr. Brozik asserts that the language in the parties' agreement does not create a landlord-tenant relationship.

---

[5] "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

[6] West Virginia Code § 55-3A-1(a) provides as follows:

A person desiring to remove a tenant from residential rental property may apply for such relief to the magistrate court or the circuit court of the county in which such property is located, by verified petition, setting forth the following:
(1) That he is the owner or agent of the owner and as such has a right to recover possession of the property;
(2) A brief description of the property sufficient to identify it;
(3) That the tenant is wrongfully occupying such property in that the tenant is in arrears in the payment of rent, has breached a warranty or a leasehold covenant, or has deliberately or negligently damaged the property or knowingly permitted another person to do so, and describing such arrearage, breach, or act or omission; and
(4) A prayer for possession of the property.

Again, Mr. Brozik fails to cite to the record on appeal or reference any motion to dismiss wherein he asked the circuit court to consider the allegedly missing verification to the petition or the circuit court's claimed misapplication of landlord-tenant law. Contrary to his assertions, the property settlement agreement provides that "each party shall own . . . all of the items of property . . . which are now owned by him or her solely . . . with full power to . . . dispose of the same as fully and effectually in all respects and for all purposes as if he or she were unmarried." It is undisputed that Ms. Shmeleva owned the property and that Mr. Brozik had only the right to purchase the property. The property settlement agreement allowed Mr. Brozik to live in the residence but required that he pay Ms. Shmeleva an agreed upon sum monthly, and provided that she would list the house for sale if Mr. Brozik defaulted on that monthly obligation. In its February 23, 2018, supplemental temporary order, the family court specifically found that Ms. Shmeleva is the sole owner of the property by deed and that it never reached the issue of whether the former marital home was a marital asset because the parties resolved their equitable distribution claims when they executed their property settlement agreement. For these reasons, we find that Mr. Brozik failed to comply with Rule 10(c)(7) of the West Virginia Rules of Civil Procedure with regard to his second assignment of error. We, therefore, decline to further address the merits of this argument.

For the foregoing reasons, we affirm the circuit court's October 31, 2018, order in Case No. 18-P-330.

Affirmed.

**ISSUED:** February 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison