STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

State of West Virginia,
Plaintiff Below, Respondent

vs.) No. 20-0146 (Upshur County 19-F-120)

Amy Jo Malcomb,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Amy Jo Malcomb, by counsel G. Phillip Davis, appeals the Circuit Court of Upshur County's January 31, 2020, order sentencing her to an indeterminate term of one to five years of incarceration upon her conviction for possession with intent to deliver methamphetamine. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by denying her request for probation and considering impermissible sentencing factors.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, petitioner was indicted by an Upshur County grand jury on one count of possession with intent to deliver methamphetamine. The next month, the parties entered into a plea agreement, in which petitioner agreed to plead guilty to the offense. In return, the State agreed to recommend probation if petitioner had no prior felonies and did not abscond or otherwise violate her bond prior to sentencing. The State also agreed to dismiss petitioner's pending charge for driving while her license was revoked.

During a January of 2020 sentencing hearing, petitioner's counsel argued for probation, emphasizing petitioner's lack of prior felony convictions, cooperation when arrested, and acceptance of responsibility by pleading guilty. The State supported petitioner's request for probation per the terms of the plea agreement, provided she did not violate her bond. The circuit court considered a variety of factors when contemplating petitioner's sentence, including her

1

criminal history. The circuit court also reviewed the presentence investigation report, which detailed eight prior convictions including: failure to cause a child to attend school; driving with a suspended license; permitting truancy; and battery, among other offenses. In discussing her criminal history, the circuit court also mentioned that petitioner was ordered to pay various fines and court costs for several offenses but failed to do so.

In light of the evidence at sentencing, the circuit court ultimately denied petitioner's motion to be sentenced to probation for a variety of reasons, including her criminal history, lack of steady employment, and continued substance abuse. Specifically, the court noted that petitioner was currently unemployed and had tested positive for methamphetamine multiple times. The circuit court also found that petitioner's continued drug abuse resulted in a violation of the terms of her bail and a recent re-incarceration. Accordingly, by order entered on January 31, 2020, the circuit court denied petitioner probation and sentenced her to an indeterminate sentence of one to five years of incarceration. It is from her sentencing order that petitioner now appeals.

This Court "reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Here, there is no dispute that the sentence imposed by the trial court is within the statutory limits for possession with intent to deliver methamphetamine. *See* W. Va. Code § 60A-4-401(a)(ii) ("Any person who violates this subsection . . . is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than five years."). Accordingly, petitioner's sentence is only subject to appellate review if it was based on some impermissible factor. Petitioner contends that the circuit court impermissibly considered her failure to pay prior fines and court costs as a sentencing factor and, thus, abused its discretion in sentencing petitioner. We disagree.

In support of her claim, petitioner cites to the circuit court's statements throughout the final sentencing hearing regarding her nonpayment of fines and costs. For example, petitioner highlights that the court said that her nonpayment was "a problem as it relates to an alternative sentence because you [have not] followed through with paying your fines and court costs previously." It is apparent from the record on appeal that petitioner's nonpayment of fines was not the focus of the circuit court's consideration at sentencing. To the contrary, the court considered a host of factors, such as petitioner's criminal history, lack of steady employment, and substance abuse, which the court found to be of serious import at sentencing. In particular, the circuit court seemed justly concerned with the fact that petitioner had transported methamphetamine and, therefore, endangered the community.

Given the particular circumstances of this case, which involved petitioner's possession and transportation of methamphetamine, the circuit court did not commit reversible error in considering petitioner's criminal history, including her nonpayment of fines and court costs. Several grounds in both law and fact undergird our conclusion. While petitioner repeatedly asserts

that nonpayment of fines and court costs reflects her own indigence and, therefore, was an impermissible sentencing factor, she fails to cite any authority to show that a sentencing court may not consider nonpayment of fines and court costs at the time of sentencing. To the contrary, this Court has long held that trial courts have wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. *See State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010). The State also routinely collects such information when compiling a presentence investigation report. Indeed, Rule 32(b)(4)(A) of the West Virginia Rules of Criminal Procedure directs that the presentence investigation report *must* contain "information about the defendant's history and characteristics, including information concerning the defendant's court and criminal record, occupation . . . [and] any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or determining correctional treatment."

In support of her argument, petitioner cites to *Robertson v. Goldman*, 179 W. Va. 453, 369 S.E.2d 888 (1988), in her discussion of this issue; however, this case does not stand for the proposition that a sentencing court may not consider nonpayment of fines and court costs at the time of sentencing. In *Robertson*, a municipal court erroneously incarcerated an indigent defendant who was charged with an offense which did not carry a penalty of incarceration, solely because he was unable to post bond. *Id*. at 454-455, 369 S.E.2d at 889-890. As a result, a writ of prohibition was granted ordering officials to cease jailing indigent defendants when facing charges "which do not carry a potential jail term" solely because they are unable to post bond. *Id*. at 457, 369 S.E.2d at 892. Therefore, the facts underlying the *Robertson* decision are wholly distinguishable from the facts of the case at bar.

Here, petitioner's offense clearly included imprisonment as a possible penalty. Indeed, the statutory penalty for violating West Virginia Code § 60A-4-401(a)(ii) includes a period of incarceration "for not less than one year nor more than five years." Further, while petitioner contends that indigence precluded her from paying fines and court costs for several prior offenses, she points to no evidence of her alleged indigence in the record. Additionally, even if petitioner was unable to pay outstanding fines and court costs, this Court has held that "an individual is not excused from the imposition of the maximum sentence allowed under a statute simply because he is indigent." *State v. Murrell*, 201 W. Va. 648, 654, 499 S.E.2d 870, 876 (1997). Finally, petitioner's sentencing was directly related to her general disregard for the law, including eight prior convictions, and not her socioeconomic status. Petitioner's actions reflect a lengthy history of poor decision-making and noncompliance with court orders, including testing positive for methamphetamine multiple times while on bail and driving with a suspended license, among other actions. As such, the circuit court considered petitioner's nonpayment of fines and court costs as another act of noncompliance with court orders which made her a poor candidate for probation. Hence, we find petitioner's reliance on *Robertson* to be misplaced.

Moreover, petitioner's nonpayment of fines and court costs was referenced in the presentence investigation report and at the sentencing hearing, without objection. We have often explained that the requirement for a party to raise or waive an objection is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle*, 180 W. Va. 660, 663, 379 S.E.2d 383, 386 (1989). At no time during the sentencing hearing did petitioner object to the

3

discussion of her history as it related to fines and court costs. Instead, petitioner argued that her crimes were mitigated by the fact that this was her first felony offense. In any event, the circuit court simply referenced petitioner's nonpayment of fines and court costs, in addition to considering her criminal history, substance abuse, lack of employment, and poor decision-making. Given the serious nature and extent of petitioner's crimes, which are undisputed by the parties, we find no abuse of the circuit court's discretion in sentencing.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 31, 2020, order is hereby affirmed.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton