# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alan Reed Talbott,**
**Defendant Below, Petitioner**

**vs)  No. 17-0832** (Upshur County 14-C-96)

**John David Talbott,**
**Plaintiff Below, Respondent**

**FILED**

**June 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alan Reed Talbott, by counsel Stephen A. Wickland, appeals the August 23, 2017, order of the Circuit Court of Upshur County denying his motion to alter or amend the judgment against him in the amount of $85,000 following a jury trial. That order also awarded Respondent John David Talbott attorney's fees and costs. Respondent, by counsel William J. O'Brien, filed his response, to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent are brothers and were the only children of Betty June Talbott Santee. After Ms. Santee was hospitalized in February of 2011, she began residing with petitioner, where she had a daily caregiver. In February of 2011, she was found to have short-term memory loss and moderate dementia. Two deeds dated August 30, 2011, purported to convey all of Ms. Santee's real estate and mineral interests to petitioner. Also in August of 2011, Ms. Santee appointed petitioner as her power of attorney. In addition, Ms. Santee executed a will in August of 2011 giving respondent $1,000, and the remainder of her assets to petitioner upon her death. In October of 2011, Ms. Santee entered a nursing home where she received rehabilitation and in February of 2012 she went to another nursing home where she remained until she passed away on July 12, 2014, at the age of eighty-eight. Shortly thereafter, petitioner informed respondent that Ms. Santee no longer had an estate because all of her assets had been transferred to petitioner.

Respondent filed the instant action on September 8, 2014, in which he sought to have the deeds declared invalid and set aside as void because, respondent alleged, that petitioner procured the deeds through undue influence, duress, and fraud. Respondent further alleged that petitioner had tortiously interfered with his inheritance. He alleged that petitioner "deliberately concealed his efforts to have the [d]eeds created, executed, and recorded" and that he did so when Ms.

1

Santee "was not able to understand the nature, character or effect of what she was doing" due to dementia and a severely weakened mental and physical state. Respondent filed two amended complaints to request that the circuit court declare Ms. Santee's August 31, 2011, will void and find that petitioner breached his fiduciary duties to Ms. Santee.

At the conclusion of the three-day jury trial, the jury found that petitioner had tortiously interfered with respondent's expectation of inheritance and breached his fiduciary duties to their mother. The jury awarded respondent $85,000 for tortious interference with a testamentary bequest, and ordered petitioner to turn over $75,000 to Ms. Santee's estate for breach of his fiduciary duty. Based on those findings, the circuit court declared the deeds and will null and void and set them aside in its judgment order dated July 13, 2017. The circuit court also set aside the August of 2011 will and directed that an earlier, January 11, 2011, will be probated. On July 20, 2017, petitioner filed a motion to alter or amend the judgment order, pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. In its August 23, 2017, memorandum order, the circuit court denied petitioner's motion to alter or amend the judgment, finding that petitioner had waived the defense of the statute of limitations and that respondent was a successor in interest to Ms. Santee under the Uniform Partnership Act. Petitioner appeals from this order.

Petitioner's Rule 59 motion is reviewed under the following standard:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). As we explained in *Wickland*

> Rule 59(e) of the West Virginia Rules of Civil Procedure permits a party to make "[a] motion to alter or amend the judgment . . . [within] 10 days after entry of the judgment." The practical effect of such a motion is to enlarge the time within which an appeal must be filed as to those matters which are the subject of the motion. *See, e.g.,* Syl. pt. 7, *James M.B. v. Carolyn M.,* 193 W.Va. 289, 456 S.E.2d 16 (1995) ("A motion for reconsideration filed [pursuant to W. Va. R. Civ. P. 59(e) ] within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. When the time for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion.").

204 W.Va. at 434, 513 S.E.2d at 661.

On appeal, petitioner asserts three assignments of error. First, he argues that the circuit court erred in permitting a judgment against him based upon a tort in violation of the statute of limitations. Petitioner correctly points out that West Virginia Code § 55-2-12 mandates a two-year statute of limitations for personal actions not otherwise provided for, including damages for personal injuries. He contends that respondent's underlying action was subject to that two-year statute of limitations, so he filed a motion to dismiss below. In response, respondent amended his

complaint to allege that petitioner concealed his actions related to Ms. Santee's execution of deeds and the new will in August of 2011. However, petitioner argues that respondent failed to present sufficient evidence that application of the discovery rule was warranted. He also criticizes the circuit court's failure to instruct the jury as to the two-year statute of limitations.

In syllabus points two, three, and four of *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009), this Court addressed the applicability of the discovery rule as follows:

> 2. The "discovery rule" is generally applicable to all torts, unless there is a clear statutory prohibition to its application.
>
> 3. "In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997).
>
> 4. Under the discovery rule set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997), whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

In response to the original complaint filed below, petitioner filed a motion to dismiss based on the statute of limitations. However, after respondent filed his amended complaint, with permission from the circuit court, petitioner failed to move to dismiss the amended complaint or present any evidence or instruction to the jury regarding respondent's alleged failure to timely assert his claims. In the amended complaint, respondent asserted that only after Ms. Santee died did petitioner inform him that there was no estate to administer because petitioner had arranged for their mother to transfer all of her assets to petitioner. In that amended complaint, respondent further alleged that the execution and delivery of deeds were a result of petitioner's undue influence, duress, and fraud, and that petitioner deliberately concealed his efforts to have the deeds created, executed, and recorded. He also contended that petitioner requested that the deeds not be published when petitioner caused them to be recorded. Respondent further alleged that petitioner never informed him about the deeds until after their mother's death, despite having numerous opportunities to do so. It is undisputed that petitioner failed to ask the circuit court to dismiss the amended complaint based upon statute of limitations grounds or present the circuit court with a request for a jury instruction regarding the same. As this Court set forth in *State v. Guthrie*,

> [t]he raise or waive rule was explained in *Wimer v. Hinkle,* 180 W.Va. 660, 663, 379 S.E.2d 383, 386 (1989), as part of a design "to prevent a party from obtaining

an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error." Additionally, we noted in *State v. LaRock,* 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996), that the raise or waive rule seeks to "prevent[ ] a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result)."

205 W. Va. 326, 344, 518 S.E.2d 83, 101 (1999). Further, the "failure to even offer a jury instruction . . . constitutes a waiver of this alleged error . . . and precludes appellate review." *Rodriguez v. Consolidation Coal Co.*, 206 W. Va. 317, 327, 524 S.E.2d 672, 682 (1999). Because petitioner failed to raise this issue following the filing of the amended complaint, we find that he waived any such alleged error.

Petitioner's second assignment of error is his contention that the circuit court erred by permitting the deed to be set aside in violation of the statute of limitations. Petitioner makes a number of factual assertions, including that when Ms. Santee conveyed her real estate to petitioner she was mobile, communicative, opinionated, and reasonable. However, he fails to cite to the record for any of these factual assertions. Further, his sole reference to the record in this assignment of error is to the first page of the circuit court's judgment order, which does not contain any relevant factual findings or legal conclusions. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows:

> **Argument**. The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

The judgment order in this case shows that the jury found that Ms. Santee lacked sufficient mental capacity to understand, without prompting by others, the nature and extent of her property on August 30, 2011. The jury further found that Ms. Santee lacked sufficient mental capacity to understand the ramifications of her actions when she executed the will and deeds on August 30, 2011, and that petitioner exercised undue influence on Ms. Santee, overcoming her free agency and causing her to execute the will and deeds on August 30, 2011. Petitioner failed to present a jury instruction on the statute of limitations issue set forth in this assignment of error. Further, due to petitioner's lack of reference to the record, this Court is left without sufficient information to fully consider this argument.

> "A skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991); *accord Teague,* 35 F.3d at

985 n. 5; *State v. Honaker,* 193 W.Va. 51, 56 n. 4, 454 S.E.2d 96, 101 n. 4 (1994).

*State, Dep't. of Health and Human v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). Petitioner has failed to show error on the record before this Court.

Finally, petitioner asserts that any judgment order regarding the power of attorney is only applicable to a successor in interest of Ms. Santee, subject to the limitations of West Virginia Code § 39B-1-117.[1] Again, without citing to the record, petitioner states that after Ms. Santee executed the deeds and power of attorney in 2011, he "took care of all of her food, clothing, shelter and medical needs. There is no evidence she lacked for financial resources . . . In January 2011, Ms. Santee had approximately $100,000. This was gone when she died."

Without citing any authority for his argument, petitioner argues that any accounting or liability for the misuse of funds is the responsibility of the successor in interest of Ms. Santee; he contends that if the January 11, 2011, will is followed, then Terry Gould is the executor but if the August 30, 2011, will is followed, petitioner is the executor. While he argues that the executor is Ms. Santee's successor in interest, he again fails to cite any legal authority for that proposition. The same is true for his claim that respondent is not Ms. Santee's successor in interest leaving him unable to claim damages from the estate. The circuit court determined that respondent was a successor in interest of Ms. Santee. However, because petitioner has, yet again, failed to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, leaving this Court to try to determine the bases for this convoluted argument, we decline to address the merits of what we perceive his argument to be.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 8, 2018

---

[1] West Virginia Code § 39B-1-117 provides as follows:

(a) An agent that violates this act is liable to the principal or the principal's successors in interest for the amount required to:
(1) Restore the value of the principal's property to what it would have been had the violation not occurred;
(2) Reimburse the principal or the principal's successors in interest for the attorney's fees and costs paid on the agent's behalf out of the principal's assets;
(3) Reimburse the reasonable attorneys fees and costs incurred by the principal or the principal's successors in interest in pursuing rectification of the violation by the agent; and
(4) Pay such other amounts, damages, costs or expenses as the court may award.

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker