# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0870** (Fayette County 19-F-75)

**Barbara D. Brellahan,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara D. Brellahan, by counsel James Adkins, appeals the Circuit Court of Fayette County's September 5, 2019, order sentencing her to an indeterminate term of one to fifteen years of incarceration upon her conviction for possession with intent to deliver heroin. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. On appeal, petitioner argues that the circuit court had a pre-existing bias against her and erroneously considered impermissible sentencing factors.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

From May of 2018 through July of 2018, the West Virginia Drug Task Force and Drug Enforcement Administration conducted an investigation of a heroin and methamphetamine distribution organization involving petitioner's son, Michael Brellahan. During the investigation, Michael Brellahan placed numerous phone calls to purchase heroin from a supplier and then arrived at a residence shortly after each call was made. On one occasion, Mr. Brellahan placed a call for heroin and informed the supplier he was sending his mother, petitioner, to obtain the heroin because he was on home incarceration. A short time later, petitioner was observed on surveillance video arriving at the supplier's residence. After leaving the residence, law enforcement stopped petitioner and located eight grams of heroin in a coffee cup with a false bottom.

In May of 2019, petitioner was indicted by a Fayette County grand jury on one count of conspiracy to deliver heroin and one count of possession with intent to deliver heroin. The parties

1

entered into a plea agreement in July of 2019. Pursuant to the agreement, petitioner agreed to plead guilty to one count of possession with intent to deliver heroin. In return, the State agreed to dismiss the conspiracy charge against petitioner.

During the August of 2019 sentencing hearing, petitioner testified that she was "in this situation because of my drug—my son's drug uses. I did give into him,[sic] I was wrong and I realize that I would've been contributing to his problem and others." After her testimony, petitioner's counsel argued for probation, emphasizing petitioner's lack of prior felony convictions, clean drug screens, and commitment to stay out of her children's lives in the future. The State expressed reservations about probation, noting that "she was essentially delivering heroin to her . . . drug addicted son" and "perpetuating a problem with her own son" and his customers. The circuit court considered a variety of factors when contemplating petitioner's sentence, including her family history. In discussing her family history, the court mentioned her sons, who had their own lengthy criminal histories. The court noted that the sons "didn't learn to be a criminal when they got 18[,] they were developed into criminals while they were with you."

However, the circuit court ultimately denied petitioner probation for a variety of reasons, including her lack of steady employment. Specifically, the court noted that petitioner had been fired from both Walmart and McDonalds. Further, the circuit court was troubled by petitioner's criminal history, including possession of a controlled substance, shoplifting, receiving a stolen vehicle, and contributing to the delinquency of a minor. While the circuit court noted that this was petitioner's first felony conviction, it found she was not a "suitable candidate for probation" for the reasons described above. By order entered on August 26, 2019, the circuit court sentenced petitioner to the fixed statutory penalty of one to fifteen years of incarceration and fined petitioner $1,000 out of a possible $25,000 fine. It is from her sentencing order that petitioner now appeals.

This Court "reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Here, there is no dispute that the sentence imposed by the trial court is within the statutory limits for possession with intent to deliver heroin. *See* W. Va. Code § 60A-4-401(a)(i) ("Any person who violates this subsection . . . is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than 15 years.") Accordingly, petitioner's sentence is not subject to appellate review unless it was based on some impermissible factor. Petitioner contends that the circuit court erroneously considered petitioner's sons' criminal histories as an impermissible sentencing factor and, thus, abused its discretion in sentencing petitioner. We disagree.[1]

---

[1]In a second assignment of error, petitioner argues that the circuit court demonstrated a "pre-existing bias" toward her and her family, which violated her due process rights. However,

(continued . . .)

2

In support of her claim, petitioner cites the circuit court's statement at the final sentencing hearing that she must "suffer some responsibility" regarding her sons' criminal histories, as well as other references to her sons throughout the hearing. We first note that it is apparent from the record on appeal that petitioner's family history was not the focus of the circuit court's consideration at sentencing. To the contrary, there were a host of factors, such as petitioner's own criminal history, lack of steady employment, and substance abuse that were of serious import at the sentencing phase of this case. In particular, the circuit court seemed justly concerned with the fact that petitioner was transporting heroin that endangered the community. However, to the extent the circuit court's comment rose to the level of a sentencing factor, we find no error.

Given the particular circumstances of this case, which involved petitioner aiding her son in the possession and transportation of heroin, the circuit court did not commit reversible error in considering petitioner's family history and the circumstances by which she facilitated her son's criminal activities. Several grounds in both law and fact undergird our conclusion. While petitioner repeatedly asserts that the circuit court's comments reveal an existing bias toward her and, therefore, were impermissible sentencing factors, she fails to cite any authority to show that a sentencing court may not consider family history at the time of sentencing. To the contrary, this Court has long held that trial courts have wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. *See State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010). The State also routinely collects

---

petitioner failed to cite any legal authority discussing due process in support of this assertion. Further, petitioner fails to include any citation to the record to establish that this issue was preserved for appellate review. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Here, petitioner's brief in regard to this assignment of error is inadequate, as it fails to comply with Rule 10(c)(7). Even more importantly, petitioner fails to assert, let alone cite to the record to support to such assertions, that she objected to any of these alleged procedural failures in the court below. As this Court has long held, "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Further, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Accordingly, the Court will not address this assignment of error on appeal.

3

family background information when compiling a presentence investigation report. Indeed, Rule 32(b)(4)(A) of the West Virginia Rules of Criminal Procedure directs that the presentence investigation report *must* contain "information about the defendant's history and characteristics, including information concerning the defendant's court and criminal record, occupation, family background . . . [and] any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or determining correctional treatment."

In support of her argument, petitioner cites *United States v. Robinson*, 829 F.3d 878 (7th Cir. 2016) and *United States v. Figueroa*, 622 F.3d 739 (7th Cir. 2010) in her discussion of this issue; however, these cases do not stand for the proposition that a sentencing court may not consider family history at the time of sentencing. In *Robinson*, the sentencing court erroneously discussed urban decay, historical and recent protests around the country, and other societal issues that had no bearing on the defendant's underlying conviction of traveling in interstate commerce to facilitate heroin distribution. As a result, his sentence was vacated and reversed by a higher court. In *Figueroa*, the sentencing court linked the defendant's Mexican heritage to drug and immigration issues in Mexico, as well as the drug trade in Venezuela, Columbia, and even Iranian terrorists and foreign dictators. In both cases, the Seventh Circuit Court of Appeals acknowledged there may be adequate factors to support the sentences but determined the extraneous and inflammatory remarks made it unclear as to how much weight or emphasis the sentencing courts put on the extraneous factors. However, the facts underlying the *Robinson* and *Figueroa* decisions are wholly distinguishable from the case at bar. Here, the circuit court did not base its sentence on social commentary or events outside the state. Further, the sentencing courts in *Robinson* and *Figueroa* possessed wide discretion in determining sentences, with only advisory guidelines recommending limits on sentences, whereas the circuit court's authority in this case was limited by statute. Indeed, the statutory penalty for violating West Virginia Code § 60A-4-401 is fixed, and the circuit court's discretion was confined to the statutorily established sentence. Finally, petitioner's conviction was directly related to her son's criminal activity—not broader social issues. Petitioner's actions perpetuated her own son's drug use and distribution, making his actions relevant to sentencing. Hence, we find petitioner's reliance on *Robinson* and *Figueroa* to be misplaced.

Moreover, petitioner's family history was referenced in the presentence investigation report and at the sentencing hearing, without objection. We have often explained that the requirement for a party to raise or waive an objection is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle*, 180 W. Va. 660, 663, 379 S.E.2d 383, 386 (1989). At no time during the sentencing hearing did petitioner object to the discussion of her family history. Instead, petitioner argued that her crimes were mitigated by the fact that this was her first felony offense and her past offenses were a series of misdemeanor offenses mostly committed while she was in her twenties. In any event, the circuit court simply referenced petitioner's sons' criminal histories, in addition to considering her own criminal history, substance abuse, lack of employment, and poor decision making. Given the serious nature and extent of petitioner's crimes, which are undisputed by the parties, we find no abuse of the circuit court's discretion in sentencing.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 5, 2019, order is hereby affirmed.

Affirmed.

**ISSUED:**  November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison