**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**March 16, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-1120** (Wood County 19-F-108)

**Christopher Corey Griffin,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Christopher Corey Griffin, by counsel G. Bradley Frum, appeals the Circuit Court of Wood County's October 29, 2019, order sentencing him to an indeterminate term of one to five years of incarceration upon his conviction for fleeing from an officer in a vehicle with reckless indifference. Respondent State of West Virginia, by counsel Mary Beth Niday, filed a summary response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erroneously considered impermissible sentencing factors.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 17, 2019, Parkersburg Police Patrolman A.W. Davis was traveling west on 23rd Street in Parkersburg, West Virginia. Patrolman Davis observed petitioner's black Nissan Sentra ("vehicle") with Ohio registration traveling east and matching a description given for a stolen vehicle in Belpre, Ohio. Patrolman Davis activated his police lights to initiate a traffic stop on petitioner's vehicle. Instead of pulling over, petitioner rapidly accelerated his vehicle reaching speeds in excess of ninety miles per hour. He also crossed the center line multiple times and failed to obey stop signs and traffic signals. Eventually, petitioner turned onto a dead-end road, drove through an open field, and over an embankment where his vehicle became lodged between two trees. Petitioner exited the vehicle on foot but was soon located and taken into custody. Patrolman Davis also found an extremely shaken passenger in the vehicle, who advised that she had met petitioner earlier in the evening and asked him to stop during the pursuit, but he refused.

1

After his arrest, petitioner explained that he had been awake for a considerable period of time and believed people were pursuing him. Petitioner further noted that when Patrolman Davis turned his car to pursue him, he "felt it was over with." Petitioner claimed that he did not realize a police officer was following him until near the end of the chase because he was unable to see the lights or hear the sirens over the noise of his vehicle. However, petitioner conceded that he continued to flee after he realized that an officer was attempting to pull him over.

In March of 2019, petitioner was indicted by information on one count of fleeing from an officer in a vehicle with reckless indifference. The parties entered into a plea agreement in August of 2019, in which petitioner agreed to plead guilty to the offense. In return, the State agreed not to further prosecute petitioner for any additional crimes that were part of the investigation.

During an October of 2019 sentencing hearing, petitioner reiterated during his allocution that he believed two men were pursuing him and that was why he did not pull over for the police. However, petitioner acknowledged that, once he realized that an officer was attempting to pull him over, he continued to flee. The circuit court considered petitioner's allocution and the presentence investigation report, and found there were few mitigating circumstances in the case. Specifically, the circuit court noted that the criminal offense "involved danger to the public, including other drivers on the road, the passenger in his vehicle, as well as law enforcement." The circuit court further noted that petitioner continued to "use drugs instead of seeking medical treatment" and remained a "danger to the public." By order entered on October 29, 2019, the circuit court sentenced petitioner to an indeterminate sentence of one to five years in prison, to run consecutively to his undischarged term of imprisonment on an unrelated offense, and a $1,000 fine. It is from his sentencing order that petitioner now appeals.

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Here, there is no dispute that the sentence imposed by the trial court is within the statutory limits for the offense of fleeing from an officer in a vehicle with reckless indifference. *See* W. Va. Code § 61-5-17(f) ("A person who intentionally flees or attempts to flee in a vehicle from a law-enforcement officer . . . after the officer has given a clear visual or audible signal directing the person to stop, and who operates the vehicle in a manner showing a reckless indifference to the safety of others, is guilty of a felony and, upon conviction thereof . . . shall be imprisoned in a state correctional facility not less than one nor more than five years."). Accordingly, petitioner's sentence is not subject to appellate review unless it was based on some impermissible factor. Petitioner contends that the circuit court erroneously considered (1) his driving to be a "danger to the public" despite the lack of injuries and (2) his mental health history as impermissible sentencing factors and, thus, abused its discretion in sentencing him to consecutive terms of imprisonment, as opposed to concurrent terms of imprisonment.

We disagree. This Court has long held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979)*; see also* W. Va. Code § 61-11-21. Additionally, this Court has recognized that trial courts have wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. *State ex. rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010).

We first note that petitioner fails to cite to any authority that driving through a residential area at ninety miles per hour or more is not dangerous if no one is injured. Nor do we find that the circuit court committed reversible error in considering petitioner's driving during the pursuit to be "dangerous to the public."

Petitioner also argued in the circuit court that his crimes were mitigated by his long history of substance abuse and mental illness, which he claims went untreated due to his socioeconomic status. In considering petitioner's sentence, the circuit court made explicit reference to petitioner's mental health as a mitigating factor but noted he had opportunities to address his mental health, but rejected them and, instead, continued to abuse drugs. While petitioner claims that his socioeconomic status precluded mental health treatment and led him to commit crimes, he testified at the sentencing hearing that he "[did not] realize how important it was" to be "responsible enough" to take his prescribed medicine. He thereby undercuts his claim that cost or socioeconomic status prevented his access to mental health treatment.

Moreover, the discussion of petitioner's reckless driving and mental health history were referenced in the presentence investigation report and at the sentencing hearing, without objection. We have often explained that the requirement for a party to raise or waive an objection is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle*, 180 W. Va. 660, 663, 379 S.E.2d 383, 386 (1989). At no time during the sentencing hearing did petitioner object to the discussion of his driving or discussion of his mental health. Instead, petitioner argues, for the first time on appeal, that his driving should not have been considered a "danger to the public" and his inability to continue with his mental health treatment was directly tied to his socioeconomic status. Therefore, he has waived these arguments on appeal. In any event, the circuit court simply referenced petitioner's risk of danger to the public and mental health, in addition to considering his criminal history, substance abuse, and poor decision making. Given the serious nature and extent of petitioner's crimes, which are undisputed by the parties, we find no abuse of the circuit court's discretion in sentencing.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 29, 2019, order is hereby affirmed.

Affirmed.

**ISSUED:** March 16, 2021

3

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton